IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| DAVID W. GRAYSON, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) 7:15-cv-01662-LSC |
| ALABAMA & GULF COAST RAILWAY, LLC, et al., | ) |
| Defendants. | ) |

### Memorandum of Opinion

Plaintiffs David W. Grayson and Rita B. Grayson (collectively "Plaintiffs") filed this action against Alabama & Gulf Coast Railway, LLC ("AGR") and Genesee & Wyoming, Inc. (collectively "Defendants") alleging violations of the Oil Pollution Act of 1990 ("OPA") and violations of the Clean Water Act ("CWA"), as well as the state law claims of negligence, wantonness, strict liability, trespass, and nuisance. Before the Court is AGR's Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiffs' OPA and CWA claims. (Doc. 7.)[1] For the reasons stated below, AGR's motion to dismiss (Doc. 7) is due to be granted.

---

[1] As stated on the record during proceedings held on December 14, 2015, Plaintiffs' OPA claim is due to be dismissed without prejudice.

I. **BACKGROUND**[2]

In early November of 2013, a freight train derailed in Pickens County, spilling crude oil on Plaintiffs' property and causing an explosion that burned Plaintiffs' timber. The derailment also destroyed a raised track bed on Plaintiffs' property, "above and adjacent to wetlands and an unnamed tributary" that discharged into Lubbub Creek. The clean-up efforts included the reconstruction of the raised track bed on Plaintiffs' property. However, soil used in the track bed reconstruction had been contaminated with oil spilled in the derailment. The bed continues to seep contaminates onto Plaintiffs' property and into the water.

More than three months before filing this action, Plaintiffs delivered to Defendants a letter giving notice of their intent to file a citizen suit under the OPA and CWA. In part, the notice letter states the following:

> "Section 311 of the Clean Water Act prohibits discharges of oil or hazardous substances into the navigable waters of the United States (33 U.S.C. § 1321(b)). The owner, operator, or person in charge of any facility from which oil is discharged may be subject to a civil penalty of $25,000 per day of violation or up to $1,000 per barrel of oil (33 U.S.C. § 1321(b)(7)(A)). Based on estimates of over 11,000 barrels discharged at the incident site—civil financial penalties may amount to well over $11,000,000. In cases in which a violation was the result of gross

---

[2] In ruling on Defendants' motion to dismiss under both Rule 12(b)(1) and Rule 12(b)(6), this Court must accept all facts in Plaintiffs' complaint as true and construe them in their favor. *Baloco ex rel. Tapia v. Drummond Co., Inc.*, 640 F.3d 1338 (11th Cir. 2011) (citing *Edwards v. Prime, Inc.*, 602 F.3d 1276 (11th Cir. 2010)) (standard for 12(b)(6)); *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (standard for 12(b)(1)).

negligence, the civil penalty may be up to $3,000 per barrel of oil (33. U.S.C. § 1321(b)(7)(D))."

This Court may consider the contents of this notice letter because Plaintiffs reference the letter's contents in their complaint, the letter is central to their claims, and the parties do not dispute the actual content of the letter. *See Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (stating that a court may consider documents attached solely to a motion to dismiss when the "plaintiff refers to [the] document in its complaint, the document is central to its claim, [and] its contents are not in dispute"). When Defendants failed to settle the matter, Plaintiffs filed this citizen-suit. Plaintiffs' complaint alleges CWA violations under 33 U.S.C. § 1321, however Plaintiffs now concede that a citizen-suit cannot be brought to enforce § 1321. Plaintiffs have clarified that "although their claims against the Defendants for violating the Clean Water Act . . . remain the same, the Plaintiffs inadvertently cited 33 U.S.C. § 1321 as the Code section violated by the Defendants instead of correctly citing a violation of 33 U.S.C. § 1311, which can be enforced by a citizens' suit . . . ."

## II. STANDARD OF REVIEW

"[W]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and . . . . [must] satisfy itself as to the existence of its power to hear the case." *Morrison v. Amway*

*Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). The Court may consider matters outside the pleadings in ruling on a motion under Rule 12(b)(1). *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the facts alleged in the complaint must be specific enough that the claim raised is "plausible." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is *plausible on its face*.") (emphasis added). A claim for relief is plausible on its face when the complaint's "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1325 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Conclusory statements of law may "provide the framework of a complaint," but the plaintiff is required to support them with "factual allegations." *Iqbal*, 556 U.S. at 679.

The process for evaluating the sufficiency of a complaint has two steps. This Court "begin[s] by identifying pleadings that, because they are no more than

conclusions, are not entitled to the assumption of truth." *Id.* Conclusory statements and recitations of a claim's elements are thus disregarded for purposes of determining whether a plaintiff is entitled to survive a motion to dismiss. *See Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010) (citing *Iqbal*, 556 U.S. at 687). Next, this Court "assume[s] [the] veracity" of "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. A complaint's factual matter need not be detailed, but it "must . . . raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In reviewing the complaint, this Court "draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Nonetheless, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable." *Twombly*, 550 U.S. at 556. Generally, this Court considers only "the face of the complaint and attachments thereto" in order to determine whether Plaintiff states a claim for relief. *Starship Enters. of Atlanta, Inc. v. Coweta Cnty.*, 708 F.3d 1243, 1252 n.13 (11th Cir. 2013). Generally, the complaint should include "enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory.'" *Am. Fed'n of Labor & Cong.*

*of Indus. Orgs v. City of Miami, Fla.*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001)).

### III. ANALYSIS

AGR contends that dismissal of Plaintiffs' CWA claim is appropriate because Plaintiffs' notice letter was deficient. A citizen may not commence an action under the CWA unless he has given sixty days' notice of the alleged violation to, among others, "any alleged violator." 33 U.S.C. § 1365(b)(1). This notice must "include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice." 40 C.F.R. 135.3(a). "The notice requirements are strictly construed to give the alleged violator the opportunity to correct the problem before a lawsuit is filed." *National Parks & Conservation Ass'n, Inc. v. Tennessee Valley Authority*, 502 F.3d 1316, 1329 (11th Cir. 2007). Compliance with this notice provision "is a mandatory condition precedent to the filing of a citizen suit under the [CWA]," and "[i]f a plaintiff fails to comply with this notice requirement . . . the district court is required to dismiss

the action." *National Environmental Foundation v. ABC Rail Corp.*, 926 F.2d 1096, 1097–98 (11th Cir. 1991).

While Plaintiffs' letter identifies *a* specific standard under the CWA (§ 1321), it fails to cite or offer sufficient information to identify *the* standard Plaintiffs now contend Defendants violated: § 1311. *See, e.g.*, *National Parks & Conservation Ass'n, Inc. v. Tennessee Valley Authority*, 502 F.3d 1316, 1330 (11th Cir. 2007) ("The language of the regulation does not suggest that the notice may be good enough if it generally orients the agency or violator as to the type of violation . . . [T]he recipient of the notice must understand from the notice what the citizen *is alleging* . . . .") (alterations and emphasis in original) (quoting *Cal. Sportifishing Prot. Alliance v. City of W. Sacramento*, 905 F. Supp. 792, 799 (E.D. Cal. 1995)); *Karr v. Hefner*, 475 F.3d 1192, 1203 (10th Cir. 2007) ("The citations in Plaintiffs' letters, by contrast, frequently are to regulations that do not apply to Defendants or are irrelevant to CWA citizen-suits, and generally are too broad to help Defendants 'identify the *specific* standard, limitation, or order alleged to have been violated.'") (emphasis in original) (quoting 40 C.F.R. § 135.3(a)).

Further, the notice letter parrots § 1321(b)'s language, which states that "there should be no discharges of oil or hazardous substances into or upon the navigable waters of the United States." 33. U.S.C. § 1321(b)(1). In comparison §

1311 states that "the discharge of any pollutant by any person shall be unlawful." 33. U.S.C. § 1311(a). This language, different from § 1321(b), does not appear in Plaintiff's notice letter. Although specific citation and quotation of a standard in a notice letter has not been explicitly required in the Eleventh Circuit, Defendants could not have reasonably understood that Plaintiffs were alleging violations of a provision different from the one cited and quoted in the notice letter. Plaintiffs' notice letter was thus inadequate, and this Court lacks subject matter jurisdiction over it, or, alternatively, Plaintiffs have failed to state a claim upon which relief can be granted. Plaintiffs' CWA claim is due to be dismissed without prejudice.[3]

## IV. Conclusion

For the reasons stated above, ARG's motion to dismiss Counts I and II of Plaintiffs' complaint (Doc. 7) is due to be GRANTED. A separate order consistent with this opinion will be entered.

**DONE** AND **ORDERED** ON FEBRUARY 2, 2016.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
182184

---

[3] Although both of Plaintiffs' claims arising out of federal law are due to be dismissed, this Court retains jurisdiction over Plaintiffs' remaining state law claims because the parties are completely diverse. *See* 28 U.S.C. § 1332.